THE ILLINOIS EDUCATIONAL ASSOCIATION

*v.*

PETER STRAUDER.

MEASURE OF DAMAGES—*for work and labor, as affected by subsequent agreement.* Where a person employed to lay the brick in a building at a specified price per thousand, according to measurement, is stopped by the employer before completion, and it is afterwards agreed that he shall proceed with the work, and be paid a reasonable compensation without regard to the price fixed by the original contract, and he to waive all claim for damages, the question whether the openings in the walls shall be included in the measurement becomes immaterial, as the contractor will be entitled to recover what his work is reasonably worth.

APPEAL from the Circuit Court of St. Clair county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Mr. MARSHALL W. WEIR, for the appellant.

Messrs. HAY & KNISPEL, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This suit was brought by appellee, to recover for laying the brick in the third story of a building called the "Howe Literary Institute." It appears that on the 9th day of October, 1873, the parties entered into an agreement, by which appellee was to lay the brick and set the stone in the entire building, for which appellants were to pay him $3.75 per thousand brick laid, according to measurement. Appellants were to furnish material ; and in case of disagreement the parties were to submit the measurement to two practical, competent men, and in case of their disagreement they were to choose a third.

When appellee had laid the brick in the first and second stories, owing to the embarrassed condition of the business of the country, appellants were not able to collect money, and they notified appellee to stop work on the building until they should

give him further directions.   He quit work, and subsequently claimed damages, and filed a petition to enforce a mechanic's lien for the amount due him for labor on the building.   It was subsequently agreed by the parties, that appellants should pay appellee $500 on the sum they owed him, and that he should proceed with his part of the work, and to be paid a reasonable compensation, without regard to the price fixed by the original contract, and appellee waived all claim for damages against the association by reason of their having stopped the work.   He proceeded with and completed the brick work on the third story; and when the parties came to measure the work, a disagreement arose as to how it should be made —whether all the openings should be measured and estimated as solid work, or whether all of such open space should be excluded.   On the trial a large number of witnesses were examined on the question, and, as is usually found, their evidence is not entirely harmonious.

In the view we take of this case, we regard that question as immaterial.   Appellee, by the terms of the contract, was to be paid a reasonable compensation for his work, without regarding the price fixed by the first contract.   The question, then, for the determination of the jury, was, how much was a reasonable compensation?   They heard all the evidence, and found that the sum specified in their verdict was but reasonable.   The evidence of appellee's witnesses, we think, clearly shows that the amount allowed by the jury was but reasonable.   With pilasters, cornice and ornamental work, it is to be inferred that the work was worth more than the same number of brick in plain solid walls.   Arches seem to have been turned, and the jams of the windows had to be carefully faced, which would consume time.

The witnesses all agree that the building of the third story was worth more than the first or second; but they differ widely as to what the difference is.   They differ from one to four dollars per thousand.   If the jury took the brick actually placed in the wall, which was about 140,000, and

allowed him $7.50 per thousand, that would give him $1050 for laying the brick; and if they allowed him $54.50 for extra work, we then have the amount found by the jury. And when it is remembered that several witnesses fixed the reasonable value of the work at $7.50 per thousand, or, as some of them expressed it, at double the original contract price, we are unable to say the finding is excessive.

As to what is reasonable compensation, is a fact to be found by the jury. In this case they heard the evidence, they saw the witnesses, and had every opportunity to estimate the value of their testimony; and there are no grounds for saying that the finding is against the evidence, or even clearly against its weight. We think it is sustained by the evidence, and should not be set aside.

The jury seem to have taken the actual number of brick, estimated by excluding all openings, and then allowed the highest price proved by several witnesses. And we can not say that their mode of disposing of the question is not fair, just, and sustained by the evidence.

This view of the case renders the consideration of the question of custom, and whether it was proved, unnecessary, or whether the refused instructions announced correct legal propositions, as they were abstract and not pertinent to the issue in the case. Had they been given, they would have afforded no assistance to the jury in arriving at a conclusion.

We perceive no error in the record, and the judgment of the court below is affirmed.

*Judgment affirmed.*